UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. BAPTISTE, Plaintiff, v. J. HATTON, et al., Defendants. | Case No. 19-cv-06551-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND, DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 3, 4 |

## INTRODUCTION

Plaintiff, an inmate at California Training Facility – Central ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff names as defendants the following CTF prison officials: Warden Hatton, Correctional Counselor II Martinez, Sr. Psychologist Wynn, Chief of Mental Health Howlin, staff psychologist DeAntoni, cook G. Tow, cook Hernandez, cook Adams, senior hearing officer Lt. J. Marquez, and appeals coordinator J. Truett.

Liberally construed, the complaint makes the following allegations. The CDCR classification committee refused to re-instate plaintiff's single-cell status in violation of his procedural due process rights. CTF's Mental Health Department violated his due process rights when they failed to recommend to custody staff that double-celling was inappropriate for plaintiff and contrary to the Coleman Remedial Plan. There was an unspecified failure to meet work and program expectations which resulted in a violation of administrative rules, a violation of Cal. Health & Safety Codes, a violation of 15 CCR 3035(g), (h), and either led to plaintiff being diagnosed with chronic Hepatitis C or was problematic in part because plaintiff has chronic Hepatitis C. Despite being on psychotropic medications, plaintiff was forced to chop 600-1200 lbs of onions daily. This made Plaintiff sick and nauseated; failed to meet work-program expectations; violated plaintiff's due process rights; and violated Cal. Health & Safety Codes and

15 CCR 3035(g), (h). Per protocol, plaintiff should never have been assigned to culinary in the first place and he has an infectious disease which means he is not medically cleared to handle food.

The complaint will be dismissed with leave to amend for the following reasons.

First, Section 1983 requires a plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint makes general allegations and does not link any individual defendant to the alleged violations. Accordingly, the complaint fails to state a cognizable Section 1983 claim against any of the named defendants. However, the Court will grant plaintiff leave to amend so that he can correct this deficiency.

In his amended complaint, Plaintiff should specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Twombly*, 550 U.S. at 555. The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

Second, the complaint appears to allege unrelated claims against different sets of defendants. Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that all persons "may

3

be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of Rule 20 is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Put simply, unrelated claims should be raised in separate suits. *Id.* Plaintiff appears to be grieving two separate issues – being denied single cell status and being required to chop 600-1200 lbs of onions daily. These two claims appear to arise out of different occurrences and do not share common questions of law or fact. Plaintiff must seek relief for these two claims in separate lawsuits. If Plaintiff chooses to file an amended complaint, he may seek relief for only *one* of these claims in this action unless these claims are related. Plaintiff may file a separate lawsuit to grieve the other unrelated claim.

To assist Plaintiff in preparing the amended complaint, the Court reviews some legal principles that may be relevant to Plaintiff's claims.

**Supervisory Liability.** There is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). To state a claim for relief under Section 1983 against a supervisor defendant, Plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which the supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future

4

misconduct, *Taylor*, 880 F.2d at 1045. Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Participation in the Grievance Process.** A prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

**Claims Alleging State Law Violations.** Section 1983 requires a plaintiff to demonstrate a violation of federal law, not state law. *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). An allegation that defendants violated state law is, in general, not cognizable as a Section 1983 claim. *See id.* However, a court may exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367. In addition, there is no private right of action to enforce title 15 of the California Code of Regulations. *See, e.g., Davis v. Powell*, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations."); *Johnson v. Kernan*, No. 16-07996, 2018 WL 6137170, at *8 (C.D. Cal. June 1, 2018) (dismissing plaintiff's claims based on violations of California regulations governing prisons because "the regulations in question do not provide a private right of action").

**C. Ex Parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction**

Plaintiff has filed an ex parte emergency motion for a temporary restraining order and preliminary injunction enjoining Defendants Hatton, Martinez, and Howlin and all persons acting on their behalf from double-celling plaintiff. Dkt. No. 3.

The Court will DENY this motion for the following reasons.

First, prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Here, not only has no defendant been served, but there is also currently no operative complaint.

Second, to the extent that this motion can be construed as seeking a temporary restraining order, which may be granted prior to all parties being served, the Court declines to grant a temporary restraining order. When considering injunctive relief with respect to a government agency, the Ninth Circuit has directed that courts "observe the requirement that the government be granted the 'widest latitude in the dispatch of its own internal affairs.'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378–79 (1976)). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Here, plaintiff's declaration fails to show that immediate and irreparable injury will result to him if he continues to be double-celled. The declaration's vague conclusory allegations that plaintiff will suffer immediate and irreparable injury from being double-celled are contradicted by the record. According to the record, plaintiff has been double-celled since June 18, 2016 when he was transferred to CTF. Plaintiff reported that the double-celling caused him mental anguish, resulting in him suffering five cell moves and confrontations and RVRs between June 8, 2016 and April 16, 2017. The record does not indicate any issues arising from double celling since April 16, 2017. Plaintiff's claim that he will suffer immediate injury from the double-celling is contradicted by the fact that he has double-celled without incident for the past two years. Plaintiff's claim that he will suffer irreparable injury is contradicted by the record indicating that the injuries suffered between June 2016 and April 2017 were cell moves, confrontations and RVRs, which are not the type of irreparable injuries that require the issuance of a TRO. Accordingly, the Court DENIES plaintiff's

1 ex parte emergency request for a temporary restraining order and preliminary injunction.

## D. Motion Requesting Appointment of Counsel

Plaintiff has filed a motion requesting appointment of counsel for the following reasons: he is unable to afford counsel; the issues are complex and require appropriate briefing; plaintiff has limited legal training; plaintiff is suffering from a diagnosed mental illness that significantly impairs his cognitive skills and impedes his meaningful access to the courts; and plaintiff has been on psychotropic medications for some time. Dkt. No. 4. Plaintiff argues that appointment of counsel is required in this instance pursuant to the Americans with Disabilities Act, the Rehabilitation Act, *Eskridge v. Rhay*, 345 F.2d 788, 782 (9th Cir. 1985); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); and *Franco-Gonzalez v. Holder*, 767 F.Supp.2d 1034, 1051-56 (C.D. Cal. 2010).

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). Nor do the cases and statutes cited by plaintiff establish a right to counsel in this particular case. Neither the Americans with Disabilities Act or Rehabilitation Act governs this action. Petitioner's filings indicate that despite his mental illness and medication regimen, he is capable of adequately prosecuting this action. *Haines* does not address the right to counsel, and in *Eskridge* the Ninth Circuit concluded that the district court did not err in denying the petitioner's request for counsel because the circumstances of the particular case did not require appointment of counsel to ensure due process of law.

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d

1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

The Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel at this time. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case so warrant.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES plaintiff's ex parte emergency request for a temporary restraining order and preliminary injunction and DENIES plaintiff's request for counsel. Dkt. Nos. 3 and 4.

2. The Court DISMISSES the complaint with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-06551 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

//
//
//

8

This order terminates Dkt. Nos. 3 and 4.

**IT IS SO ORDERED.**

Dated: 11/6/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge