UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH E. BAPTISTE,

Plaintiff,

v.

B. MARTINEZ, et al.,

Defendants.

Case No. 19-cv-06551-HSG

**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING REQUEST FOR RECONSIDERATION**

Re: Dkt. No. 8

# INTRODUCTION

Plaintiff, an inmate at California Training Facility – Central ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 7) is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

## A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

The amended complaint names the following CTF-Central prison officials as defendants: Correctional Counselor II B. Martinez, staff psychologist DeAntoni, Sr. Psychologist Wynn, Chief of Mental Health J. Howlin, and Warden Hatton. The amended complaint also names as a defendant California Department of Corrections and Rehabilitation Healthcare Services Deputy Director of Policy and Risk Management J. Lewis. Dkt. No. 7 at 3.

The amended complaint makes the following allegations. Plaintiff is a participant in the Mental Health Placement program (CCCMS) for a mental disorder. On June 22, 2016, Defendant Martinez, in his capacity as the chairperson of plaintiff's initial classification hearing, denied plaintiff's request to have his single cell status reinstated "in spite of all the relevant case factors and established policies to the contrary." On August 3, 2016, at plaintiff's initial treatment team housing / program recommendation hearing, Defendants DeAntoni, Wynn and Howlin also denied plaintiff's request for single cell status despite plaintiff's mental health concerns and their constitutional and ethical obligations. Defendant Lewis reviewed this matter and Defendant Hatton was aware of this matter, but these defendants also failed to reinstate plaintiff's single-cell status. As relief, Plaintiff seeks the reinstatement of his single-cell status. Dkt. No. 7.

The amended complaint will be dismissed with leave to amend because it does not allege the violation of federal constitutional or statutory rights. In filing an amended complaint, plaintiff

2

1 should specify what federal constitutional or statutory right was violated by the denial of single-cell status, and how the denial violated that federal constitutional or statutory right.

## C. Motion for Relief From Order

Plaintiff has filed a motion for relief from order pursuant to Fed. R. Civ. P. 60(b)(1), (6). Dkt. No. 8. Fed. R. Civ. P. 60(b) provides for relief from a final order. *See* Fed. R. Civ. P. 60(b). The Court's November 6, 2019 order denying plaintiff's request for an *ex parte* preliminary injunction or temporary restraining order was not a final order. Accordingly, the Court construes this motion as a renewed motion for a temporary restraining order. In this renewed motion, plaintiff alleges that he should be granted an *ex parte* temporary restraining order for the reasons set forth in his original motion (Dkt. No. 3) and because he has been housed in a single-cell since April 2017 despite not having single-cell status, a fact which he had omitted to tell the Court previously. The fact that plaintiff has been housed in a single-cell since April 2017 despite not having single-cell status weighs against granting a temporary restraining order. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Here, plaintiff alleges that he does not have single-cell status and will be at risk if double-celled. However, despite not having single-cell status, plaintiff has been housed in a single cell for over two years, indicating that the alleged potential injury is not immediate. In addition, as explained in the Court's November 6, 2019 order, plaintiff's claim that he will suffer irreparable injury is contradicted by the record indicating that the injuries he suffered while double celled were cell moves, confrontations and RVRs, which are not the type of irreparable injuries that require the issuance of a TRO. Accordingly, the Court DENIES plaintiff's renewed *ex parte* request for a temporary restraining order. Dkt. No. 8.

//

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES plaintiff's renewed *ex parte* request for a temporary restraining order. Dkt. No. 8.

2. The Court DISMISSES the amend complaint with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file a second amended complaint. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-06551 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. **Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to plaintiff.** The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

This order terminates Dkt. No. 8.

**IT IS SO ORDERED.**

Dated: December 26, 2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. BAPTISTE,<br><br>    Plaintiff,<br><br>v.<br><br>B. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 19-cv-06551-HSG<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 26, 2019, I SERVED a true and correct copy(ies) of the attached and two copies of the court's complaint, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth E. Baptiste ID: T-36354
California Training Facility-Central
P.O. Box 689
Soledad, CA 93960-0689

Dated: December 26, 2019

    Susan Y. Soong
    Clerk, United States District Court

    By:_____
    Nikki D. Riley, Deputy Clerk to the
    Honorable HAYWOOD S. GILLIAM, JR.