UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. BAPTISTE, Plaintiff, v. B. MARTINEZ, et al., Defendants. | Case No. 19-cv-06551-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING ONE CLAIM WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at California Training Facility – Central ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 10) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Procedural Background**

On November 6, 2019, the Court dismissed the initial complaint with leave to amend because it failed to demonstrate that each named defendant personally participated in the deprivation of plaintiff's constitutional rights; and because it alleged unrelated claims against different sets of defendants, in violation of Fed. R. Civ. P. 20(a)(2). Dkt. No. 6 at 3-4. To assist plaintiff in drafting an amended complaint, the Court reviewed certain legal principles, specifically the concept of supervisory liability; that there is no liability based on a prison official's participation in the grievance process; and that Section 1983 requires a plaintiff to demonstrate a violation of federal law, not state law. Dkt. No. 6 at 4-5.

On December 26, 2019, the Court dismissed the first amended complaint with leave to amend because it did not allege any violation of federal constitutional or statutory rights. Dkt. No. 9 at 2-4.

**C.    Second Amended Complaint**

The second amended complaint names the same defendants as the first amended complaint: CTF Correctional Counselor II B. Martinez, CTF staff psychologist DeAntoni, Sr. Psychologist Wynn, CTF Chief of Mental Health J. Howlin, CTF Warden Hatton, and CDCR Healthcare Services Deputy Director of Policy and Risk Management J. Lewis. Dkt. No. 10 at 2.

The second amended complaint makes the same allegations as the first amended

2

complaint, namely that defendants have improperly refused to reinstate plaintiff's single cell status, and that plaintiff is entitled to single cell status because he is a participant in the Mental Health Placement program (CCCMS) for a mental disorder, because he has mental health concerns, and because *Plata* prohibits "such outdated practices." Dkt. No. 10 at 3. Plaintiff alleges that the refusal to reinstate his single-cell status has denied him his rights under the Due Process Clause and the Equal Protection Clause, and subjected him to disparate treatment that violates the Eighth Amendment. Liberally construed, plaintiff's allegation that his request for single cell status was improperly denied given his mental health concerns states a cognizable Eighth Amendment claim for deliberate indifference to his serious medical needs against defendant Martinez, and defendants DeAntoni, Wynn, and J. Howlin, when they denied his request at a June 22, 2016 classification hearing, and at an August 3, 2016 initial treatment team / housing program recommendation hearing, respectively. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment).

Plaintiff has failed to state a claim under either the Due Process Clause or the Equal Protection Clause.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972). The Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights. *See Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

3

Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. *See Lewis*, 523 U.S. 833, 847 (1998). Neither the Due Process Clause nor state regulations have granted a procedural due process right to single cell status; nor is there a substantive due process right to single cell status. Plaintiff's due process claim is DISMISSED with prejudice.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Plaintiff's conclusory allegation that the denial of single cell status violated his rights under the Equal Protection Clause are insufficient to raise a right to relief about the speculative level. *Twombly*, 550 U.S. at 555. There are no factual allegations that the denial was based on plaintiff's membership in a protected class or otherwise motivated by discriminatory intent. Because it appears that plaintiff could remedy this deficiency, the Court will DISMISS this equal protection claim with leave to amend, if plaintiff can truthfully do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

Defendants Hatton and Lewis are DISMISSED from this action with prejudice. Their only involvement in the alleged constitutional violation was their participation in the grievance process. As explained previously to plaintiff, a prison official's participation in the grievance process

4

generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The second amended complaint states a cognizable Eighth Amendment claim against defendants Martinez, DeAntoni, Wynn, and J. Howlin. Plaintiff's equal protection claim is DISMISSED with leave to amend. Plaintiff's due process claim and defendants Hatton and Lewis are DISMISSED with prejudice.

2. If plaintiff wishes to amend his equal protection claim, he shall file a third amended complaint within **twenty-eight (28) days** of the date of this order. The third amended complaint must include the caption and civil case number used in this order, Case No. C 19-06551 HSG (PR) and the words "THIRD AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his third amended complaint all the claims he wishes to present, including the Eighth Amendment claim found cognizable above, and all of the defendants he wishes to sue, including the defendants ordered served below. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. **Failure to file a third amended complaint in accordance with this order in the time provided will result in the second amended complaint (Dkt. No. 10) remaining the operative complaint and the action proceeding solely on the Eighth Amendment claim found cognizable above.** The Clerk shall include two copies of the court's complaint with a copy of this order to plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint with all attachments thereto (Dkt. No. 10), and a copy of this order upon defendants Martinez, DeAntoni, Wynn, and J. Howlin at Correctional Training Facility at Soledad Prison Road, Soledad, California. A courtesy copy of the second amended complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

  a. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

  b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

  c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must

6

do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 2/3/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge